United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20924

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN L. NEAL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-179-ALL
---------------------

Before KING, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Defendant Kevin Neal appeals his sentence following revocation of supervised release, arguing that the sentence is unreasonable and that the court failed to let him allocute. We affirm.

I

In 1998, Neal pleaded guilty in Missouri federal court to possession with intent to distribute cocaine. After applying several sentencing reductions, the court gave him 80 months imprisonment followed by eight years of supervised release. After serving about five years, Neal began his release on April 1, 2003,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reporting to the probation office in the Southern District of Texas. On August 8 of that year, Houston police arrested Neal for possession of marijuana.

When Neal reported to U.S. probation on September 4, the probation officer confronted him about the arrest. Neal admitted the arrest but maintained his innocence; probation did not immediately move to revoke his release, and during the fall Neal kept probation apprised of the case. But when Neal appeared in Texas court on January 2, 2004 to plead guilty to the marijuana charge, he left the courthouse and didn't return.

Neal stopped reporting to probation after fleeing. In March 2004, probation prepared a violation report and requested that the Missouri district court transfer jurisdiction, which it did on March 22. On July 23, probation petitioned to revoke Neal's release, citing his arrest, his failure to report in person from February through June 2004, and his failure to submit written reports from January through May 2004. Neal eventually appeared in state court on the marijuana charge, where he pleaded guilty and was sentenced to four years imprisonment. In September 2005, probation served Neal with the revocation warrant and the district court held a revocation hearing.

At the hearing, Neal pleaded true to the allegations. During his subsequent colloquy with the court, Neal attempted to explain that although he had pleaded guilty to the state charges, the drugs weren't his and he had plead guilty to avoid the risk of trial.

The court pressed Neal, asking whether he lied to the state judge or was lying to the court. Neal conferred with counsel and admitted "lying" to the state court.

The court then questioned Neal about fleeing. Neal claimed he fled because his lawyer wanted him to take a ten-year sentence and threatened to stop representing him if he failed to do so, hence he fled to get a new lawyer. The court noted that he didn't get a new lawyer until six months later, after he was arrested on a fugitive warrant; Neil claimed he was on his way back from Missouri to pay the new lawyer when he was arrested.

After Neal clarified how long he had served in prison, and that he had reported to probation from August through January and had apprised probation of his marijuana case, the court rhetorically asked if Neal made it about four months between release and committing another crime. After Neal answered "yes," the court asked, "Anything else you want to tell me?" Neal responded that he had no "problem with drugs, I mean as far as doing drugs and reporting and stuff like that." The court then stated that Neal had "something to do with drugs," citing his prior conviction for possession with intent to distribute. The court then asked, "Anything else?" After Neal explained that he had no problem with reporting, the court stated that, "Well, then one of the reasons that you didn't have a problem is that he [apparently the probation officer] told me what happened and I said, 'Well, just trust him a little bit more.'" After a few more brief

exchanges, the court sentenced Neal to five years imprisonment and adjourned the hearing.

Because Neal possessed drugs while on supervised release, the district court had to revoke release.[1]  The Guidelines policy advisory range, determined by probation, was eight to fourteen months; the maximum sentence was five years.[2]  Neal challenges the five-year sentence, arguing that the sentence was unreasonable and that the court insufficiently explained its sentence; he also argues that the district court committed reversible plain error in denying him his right to allocute.

## II

Neal asks that we review his post-*Booker* sentence for reasonableness, even though he never objected on reasonableness grounds below.  The Government asks that we review for plain error due to that lack of objection, alternatively that we review for plain unreasonableness, the 18 U.S.C. § 3742(e) standard that, pre-*Booker*, we used to review sentences on revocation.[3]  As we have

---

[1] *See* 18 U.S.C. § 3583(g)(1).

[2] *See id.*  Neal was, independent of § 3583(g)(1), subject to a five-year maximum because his prior offense was a Class A felony.  *See id.* § 3583(e)(3).

[3] *See, e.g., United States v. Gonzales*, 250 F.3d 923, 929-30 (5th Cir. 2001); *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996); *United States v. Mathena*, 23 F.3d 87, 93 n.13 (5th Cir. 1994).

before,[4] we don't decide the standard of review because Neal's sentence is *Booker* reasonable.

As we noted in *United States v. Weese* and *United States v. Hunter*, this court has "routinely upheld" sentences on revocation above the advisory policy range but within the statutory maximum.[5] The five-year sentence here was such a sentence. Moreover, the record shows ample reason for the court's sentence at the statutory maximum - most notably, Neal used marijuana and absconded from the law, and probably would've remained at large but for his arrest.[6] Under these facts, the district court's five-year sentence wasn't unreasonable.

Relatedly, Neal claims that the district court's explanation for its sentence was inadequate under our post-*Booker* precedent.[7] To the contrary, the court focused on Neal's conviction, after a

---

[4] *See United States v. Weese*, 2006 WL 2590309 (5th Cir. Sept. 8, 2006) (declining to decide between plain error and *Booker* reasonableness); *United States v. Hidalgo-Peralta*, 166 Fed. App'x 762, 2006 WL 346315 (5th Cir. Feb. 15, 2006) (same); *United States v. Hunter*, 188 Fed. App'x 315, 2006 WL 1977472 (5th Cir. July 13, 2006) (same); *United States v. Hinson*, 429 F.3d 114, 117 (5th Cir. 2005) (declining to decide between plain unreasonableness and *Booker* unreasonableness); *cf. United States v. Boykin*, 2006 WL 616031 (5th Cir. Mar. 13, 2006) (applying plain error to unobjected-to sentence on revocation, but where objection was to calculation of Guidelines, not to reasonableness of sentence).

[5] *See Weese*, 2006 WL 2590309, *1; *Hunter*, 2006 WL 1977472, *4.

[6] Neal claimed that he fled to get a better lawyer and that when arrested he was returning to Texas after getting such a lawyer, but the court, of course, was free to disbelieve this story, particularly given the six-month delay between his flight and arrest. In any event, even if the story were true, the court could've properly levied a five-year sentence after finding Neal's excuse insufficient.

[7] *See, e.g., United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005) (describing the explanation requirement).

guilty plea, for possession of marijuana, asking Neal about his current, contradictory statement that the marijuana wasn't his, and the facts behind his flight, arrest, and failure to report. Moreover, the sentencing transcript shows that the court knew of the PSR and mentioned the "three violations" contained in the petition for revocation; although it didn't recite those violations specifically, its detailed discussion of their facts makes lack of recital irrelevant. Although the court never explicitly mentioned 18 U.S.C. § 3553(a) or 18 U.S.C. § 3583(e), it's clear the court considered their factors.[8] Consequently, the court's explanation was sufficient for *Booker* reasonableness review.[9]

## III

Neal also argues that he was denied the right of allocution. Where, as here, the defendant didn't object below, we review for plain error.[10]

Federal Rule of Criminal Procedure 32 requires that the court address the defendant personally and permit him to offer any mitigating evidence. The rule envisions a "personal colloquy" between the judge and defendant, leaving "no room for doubt that

---

[8] *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) ("A checklist recitation of the § 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable.").

[9] The parties dispute to what extent the court relied on its ostensible belief that earlier it had urged the probation office to show Neal leniency, Neal urging that the court could not have shown any leniency because it had no jurisdiction. Whatever the case, the transcript reveals that any such consideration played little or no role in the court's sentence.

[10] *See United States v. Reyna*, 358 F.3d 344, 347 (5th Cir. 2004).

the defendant has been issued a personal invitation to speak;"[11] "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence."[12]

The district court allowed Neal to speak, asking him "Anything else you want to tell me?" and "Anything else?". Neal argues that because those questions came after the court asked several questions about Neal's state drug charges and failure to report, he believed the court was asking him to respond more fully to those questions. There is support for this argument.[13] Nonetheless, even assuming error that affected Neal's substantial rights, no miscarriage of justice occurred. In *United States v. Reyna*,[14] we declined to adopt "a blanket rule that once prejudice is found...[the denial of the right to allocute] invariably requires correction." Rather, to reverse we require the defendant to "show some objective basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred."[15] Here, Neal asserts only conclusionally he was not given an opportunity to discuss his

---

[11] *See United States v. Echegollen-Barrueta*, 195 F.3d 786, 789 (5th Cir. 1999).

[12] *See id.*

[13] *See Echegollen-Barrueta*, 195 F.3d at 789.

[14] 358 F.3d at 344.

[15] *United States v. Magwood*, 445 F.3d 826, 830 (5th Cir. 2006).

"family, background, his conduct in prison, his activities during his months of successful supervised release, or other areas." However, he fails to allege any specific facts which, given the entirety of the transcript, particularly the court's focus on Neal's flight and drug use while on release, likely would've convinced the district court to levy a more lenient sentence.[16] In short, Neal has failed to show a "miscarriage of justice."

AFFIRMED.

---

[16] He also contends that he could have cleared up any misapprehension the court had regarding whether it had acted in the case before jurisdiction had been transferred to the Southern District of Texas, but he fails to state how this would have affected the district court.