United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10731
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL E. SHERMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-269-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael E. Sherman appeals the 24-month sentence imposed following the revocation of his supervised release. He contends that pursuant to United States v. Booker, 543 U.S. 220 (2005), and United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005), sentences, including those imposed upon revocation of supervised release, are reviewed under the reasonableness standard. Further, he argues that the sentence imposed was unreasonable because it substantially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exceeded the recommended range and the district court's reasons for imposing the sentence were insufficient.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of Booker because Sherman has not shown that his sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006); United States v. Jones, 182 F. App'x 343, 344 (5th Cir. 2006). Sherman was subject to a two-year statutory maximum sentence upon revocation of his supervised release. See 18 U.S.C. §§ 922(g)(1), 924(a)(2), 3559(a)(3), and 3583(e)(3). The Sentencing Guidelines recommended a prison term of between 5 and 11 months based on Sherman's Grade C violations and his criminal history category of III. See U.S.S.G. § 7B1.4(a). Sherman's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the relevant sentencing factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); United States v. Weese, No. 05-41366, 2006 WL 2590309 (5th Cir. Sept. 8, 2006) (unpublished). Therefore, the sentence was neither unreasonable nor plainly unreasonable. See Jones, 182 F. App'x at 344.

Accordingly, the district court's judgment is AFFIRMED.