# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-10520
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEVIN WAYNE LENNINGTON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-74-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kevin Wayne Lennington appeals the 24-month sentence he received upon revocation of his supervised release. He urges that the sentence, which exceeded the suggested guidelines range, was unreasonable.

This court has not yet determined what standard of review applies to sentences imposed on revocation of supervised release in the wake of United States v. Booker, 543 U.S. 220 (2005). It need not do so in the instant case

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the sentence passes muster even under the exacting reasonableness standard. See United States v. Sherman, 213 Fed. App'x 281, 282 (5th Cir. 2007); United States v. Neal, 212 Fed. App'x 328, 330-31 (5th Cir.), cert. denied, ___ S. Ct. ___, 2007 WL 990165 (2007); United States v. Weese, 199 F. App'x 394, 396 (5th Cir. 2006), cert. denied, 127 S. Ct. 1374 (2007); United States v. Hunter, 188 Fed. App'x 315, 318 (5th Cir. 2006).

Lennington contends that, under reasonableness review, the district court's failure in the instant case to specifically address the 18 U.S.C. § 3553(a) factors renders his sentence unreasonable. However, the district court was not required to explicitly mention the § 3553(a) factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). The district court's consideration of the § 3553(a) factors is implicit in the record, specifically its consideration of § 3553(a)(1), the nature of the offense and history and characteristics of the defendant, as well as consideration of § 3553(a)(2)(C), the need for the sentence imposed to provide the defendant with medical treatment. Lennington had a history of drug abuse, the violations underlying revocation involved drug use, and Lennington specifically requested psychological help for his drug problem. The district court found that a 24-month sentence would enable Lennington to get the help he sought through the Bureau of Prisons' drug program. Lennington's argument is, in essence, that this court should reweigh the § 3553(a) factors, which this court will not do.

Lennington's sentence of 24 months of imprisonment was neither Booker unreasonable nor plainly unreasonable. See Sherman, 213 Fed. App'x at 282; Neal, 212 Fed. App'x at 330-31. The district court's judgment is AFFIRMED. The Government's motion for summary affirmance is DENIED.