**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60659
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VONZELL CASEY

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:97-CR-21-7

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges

PER CURIAM:[*]

Vonzell Casey, federal prisoner # 04548-043, appeals the sentence imposed after the revocation of his supervised release. Casey argues that the district court plainly erred in imposing a sentence above the range recommended by the applicable policy statement in the Sentencing Guidelines without explanation. He also argues that the sentence is in violation of the law and plainly unreasonable because the district court violated 18 U.S.C. § 3553(a) by not

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

providing any reason for the sentence imposed and that the sentence is not supported by the record.

Because Casey did not object to the error at the revocation hearing, the plain error standard of review applies.[1] To show plain error, Casey must show a forfeited error that is clear or obvious and that affects his substantial rights.[2] If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[3]

Although Casey's 50-month sentence exceeded the advisory guideline range of 37 to 46 months of imprisonment, the sentence did not exceed the five-year statutory maximum sentence that could have been imposed upon revocation of Casey's supervised release.[4] We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum.[5]  Further, we have affirmed sentences representing greater deviations from the advisory range than the sentence here.[6]  Consequently,

---

[1] *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[2] *See id.*

[3] *Id.*

[4] 18 U.S.C. § 3583(e)(3).

[5] *See United States v. Neal*, 212 F. App'x 328, 330-31 (5th Cir. 2007); *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006).

[6] *See United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months); *see also Neal*, 212 F. App'x at 330-31 (upholding departure from guidelines range maximum of 14 months to 60 months).

Casey's sentence is acceptable under both the former "plainly unreasonable"[7] and the *United States v. Booker* "unreasonableness" standards.[8]

Casey has not shown that the district court failed to give adequate reasons for the sentence. In unpublished opinions, this court has indicated that the scope of 18 U.S.C. § 3553(c)(2)'s applicability to revocation sentences is unsettled and, thus, the failure by a district court to state specific reasons for selecting a revocation sentence does not constitute error that is plain.[9] Before imposing the sentence, the district court heard arguments of the parties and Casey's allocution. The district court stated that if it were satisfied that Casey had continued to be involved in drug activity, this would affect its sentencing decision. The district court also stated that it had considered U.S.S.G. § 7B1.4, as well as the factors in 18 U.S.C. §§ 3553 and 3583.

Even if the district court plainly erred in not providing adequate reasons for the sentence, Casey has not shown that the error affected his substantial rights.[10] The 50-month sentence was supported by the record and the sentencing factors of § 3553(a). Casey repeatedly violated the conditions of his supervised release as he was arrested twice for drug-related offenses; he did not provide truthful and complete written monthly supervision reports; he failed to work regularly at a lawful occupation; and he falsified pay stubs or employment records in an attempt to show that he was employed. The district court stated that it had considered § 7B1.4, as well as the factors in §§ 3553 and 3583. Because the sentence is supported by the record, Casey has not shown that any

---

[7] *See United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008).

[8] 543 U.S. 220 (2005).

[9] *See United States v. Perez*, 260 F. App'x 720, 723 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1907 (2008); *United States v. Cantrell*, 236 F. App'x 66, 69 (5th Cir.), *cert. denied*, 128 S. Ct. 454 (2007).

[10] *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008).

error by the district court affected his substantial rights.[11]  The district court's judgment is AFFIRMED.

---

[11] *Id.* at 433.