**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-31017
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICKIE WRIGHT

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50135-17

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Vickie Wright, federal prisoner # 13349-035, appeals the sentence imposed after the revocation of her supervised release. Wright argues that the district court violated her procedural due process rights when it revoked her supervised release and sentenced her to an above-guidelines sentence of 24 months of imprisonment. She argues that she was not served with the amended petition charging a Grade B violation and another Grade C violation of her supervised release. She does not contest that she was served with the original petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which charged her with four Grade C violations or that the amended petition was written after she had been summoned and a hearing had been scheduled.

Wright did not object on procedural due process grounds in the district court. Therefore, our review of the alleged procedural due process violation is for plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Willis*, 563 F.3d 168, 170-71 (5th Cir. 2009). Plain-error review involves the following four prongs: First, there must be an error or defect that has not been affirmatively waived by the defendant. Second, the error must be clear or obvious, i.e., not subject to reasonable dispute. Third, the error must have affected the defendant's substantial rights. Fourth, if the above three prongs are satisfied, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and citation omitted).

Assuming without deciding that Wright has met the first two prongs listed above, Wright has nonetheless failed to demonstrate that any procedural due process violation affected her substantial rights. Wright has not alleged the existence of any evidence that she could have presented to the district court to demonstrate that she lacked the criminal intent required to have committed the Grade B violation. Wright has not shown that "the probability of a different result is sufficient to undermine confidence in the outcome" of the district court proceeding. *United States v. Holmes*, 406 F.3d 337, 365 (5th Cir. 2005).

Wright also argues that her sentence is unreasonable because it is based in large part on the Grade B violation, which she argues was not subjected to a meaningful challenge in the district court. The Grade B violation charged Wright with committing a federal, state, or local crime involving passing a check on a Spelman College account that was returned for insufficient funds and about which the college disavowed any knowledge.

A district court may revoke a term of supervised release upon finding, by a preponderance of the evidence, that the defendant violated a condition of the

release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 119 (5th Cir. 2005). This court reviews the district court's factual findings supporting the revocation of supervised release for clear error and its determinations of law de novo. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 790 (5th Cir. 1994).

Wright did not stipulate to the Grade B violation. She denied having the mens rea required for her actions to have been unlawful, and the district court did not believe her. The PSR supports the district court's finding that Wright had demonstrated a pattern of criminal conduct similar to that charged in the Grade B violation. The district court found that Wright should have suspected that there was something very peculiar about that check in that she kept only 10 percent of proceeds and transferred the remaining amount to someone else. The district court's finding that Wright committed the Grade B violation is plausible in light of the record and therefore is not clearly erroneous. *See United States v. Anderson*, 560 F.3d 275, 283 n.18 (5th Cir. 2009). The decision to revoke Wright's supervised release was not an abuse of discretion. *United States v. McCormick*, 54 F.3d 214, 219 & n.3 (5th Cir. 1995).

Wright objected after the district court imposed the sentence. We have not decided the appropriate standard of review for a sentence imposed upon revocation of supervised release following *United States v. Booker*, 543 U.S. 220 (2005), and we decline to do so now. *E.g., United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008).

Although Wright's 24-month sentence exceeded the advisory guideline range of 12 to 18 months of imprisonment, the sentence did not exceed the two-year statutory maximum sentence that could have been imposed upon revocation of Wright's supervised release. *See* § 3583(e)(3). We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum. *See United States v. Neal*, 212 F. App'x 328, 330-31 (5th Cir. 2007); *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir.

2006). Further, we have affirmed sentences representing greater deviations from the advisory range than the sentence here. *See United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months); *see also Neal*, 212 F. App'x at 330-31 (upholding departure from guidelines range maximum of 14 months to 60 months). Consequently, Wright's sentence is acceptable under both the former "plainly unreasonable" and the *Booker* "unreasonableness" standards. *See McKinney*, 520 F.3d at 428.

Wright did not object that the district court gave insufficient reasons for imposing the 24-month sentence. Accordingly, review of that issue is also for plain error. In unpublished opinions, this court has indicated that the scope of 18 U.S.C. § 3553(c)(2)'s applicability to revocation sentences is unsettled and, thus, the failure by a district court to state specific reasons for selecting a revocation sentence does not constitute error that is plain. *See United States v. Perez*, 260 F. App'x 720, 723 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1907 (2008); *United States v. Cantrell*, 236 F. App'x 66, 69 (5th Cir.), *cert denied*, 128 S. Ct. 454 (2007). Further, Wright does not argue that the lack of sufficient reasons makes meaningful appellate review impossible and does not explain how the outcome of her case might have been different had the district court provided a more thorough verbal explanation for its choice of sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 & n.6 (5th Cir. 2009). The judgment of the district court is AFFIRMED.