**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-50893
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH BENFORD

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:96-CR-131-2

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joseph Benford appeals the 12-month sentence that he received after his supervised release was revoked. Benford argues that his sentence, which was outside the guidelines advisory range, was unreasonable because it overstated the seriousness of his supervised release violations. Because Benford did not make this argument in the district court, review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). Benford fails to show any error, plain or otherwise.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Benford's sentence was above the advisory guidelines range of three to nine months of imprisonment, it did not exceed the five-year statutory maximum sentence to which he was subject. *See* 18 U.S.C. § 3583(e)(3). We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum. *See United States v. Neal*, 212 F. App'x 328, 330-31 (5th Cir. 2007); *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006). Further, we have affirmed sentences representing greater deviations from the advisory range than the sentence here. *See United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months); *see also Neal*, 212 F. App'x at 330-31 (upholding departure from guidelines range maximum of 14 months to 60 months). Consequently, Benford's sentence is acceptable under both the former "plainly unreasonable" and the *United States v. Booker*, 543 U.S. 220 (2005), "unreasonableness" standards. *See United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008).

Accordingly, Benford's sentence is AFFIRMED.