**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2012

Lyle W. Cayce
Clerk

No. 11-40639
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENARO DELBOSQUE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1996-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Genaro Delbosque appeals the district court's revocation of his supervised release and imposition of a term of 28 months in prison. He argues that the district court erred by denying him his right to confront the lab technician who prepared the report stating that a substance collected near Delbosque's vehicle contained cocaine. He further argues that the district court erred by admitting the lab report and testimony regarding its contents into evidence without making an explicit finding that good cause existed for vitiating his confrontation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights. We review preserved constitutional challenges regarding confrontation at revocation hearings de novo. *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995). A district court's failure to articulate a finding of good cause[1] for denying the right to confrontation "may be found to be harmless error where good cause exists, its basis is found in the record, and its finding is implicit in the court's rulings." *Id.* at 510.

Delbosque argues that recent cases call into question our prior holding in *United States v. McCormick*, 54 F.3d 214, 225 (5th Cir. 1995)[2] that permits "substitutes" for live testimony such as a lab report in a supervised release revocation proceeding. *See Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011)(defendant charged with driving while intoxicated has a right of confrontation of lab technician– rather than a substitute analyst– who tested the defendant's blood for alcohol); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)(defendant in a drug distribution case was entitled to confront lab technician who concluded that samples contained cocaine). Contrary to Delbosque's contention, *McCormick* remains good law in the wake of these cases since both *Melendez-Diaz* and *Bullcoming* pertain to a defendant's confrontation rights in a criminal trial rather than during revocation proceedings. *See United States v. Minnitt*, 617 F.3d 327, 333 n.3 (5th Cir. 2010). Thus, Delbosque did not have an absolute right to confront the lab technician who concluded that the substance taken from the parking lot was cocaine.

---

[1] Although Delbosque objected to admission of the challenged report, he did not object to the district court's failure to articulate a finding of good cause. The Government, citing *United States v. Davis*, 602 F.3d 643, 646-47 (5th Cir. 2010), argues that this failure therefore is subject only to plain error review. Because we conclude that Delbosque's challenge fails under the less deferential harmless error review, we need not decide whether plain error review is the right standard to apply here.

[2] *McCormick* was, in turn, based upon United States Supreme Court cases that allowed "flexibility" in permitting evidence other than live testimony in revocation proceedings. *Gagnon v. Scarpelli,* 411 U.S. 778, 782 n.5 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

No. 11-40639

We agree that the better practice is for the district court to explicitly articulate its finding of good cause to dispense with live testimony from the lab technician. *See McCormick*, 54 F.3d at 220-21. However, because Delbosque fails to establish more than a minimal interest in cross-examining the lab technician in question, and given the lab report's indicia of reliability, the evidentiary chain of custody established by the Government, and the Government's substantial interest in avoiding unnecessary expense and difficulty, we find that the district court's failure to articulate a finding of good cause constitutes harmless error. *See McCormick*, 54 F.3d at 221. Although Delbosque makes conclusory assertions that the Government failed to satisfy the requirements of *Grandlund*, 71 F.3d at 511, by timely providing him with copies of the laboratory test and documents relating to it, he did not object on this basis in the district court, and he fails to show plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Finally, in light of the strong evidence adduced during the revocation hearing that Delbosque intended to sell the cocaine at issue to a confidential informant, we cannot say that the district court abused its discretion by revoking his supervised release based upon his violation of the condition that he not commit another crime. *Minnitt*, 617 F.3d at 322.

AFFIRMED.