# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11246

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHELE RENEE THOMPSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-72-1

Before BARKSDALE, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Michele Thompson pleaded guilty to two counts of violating 18 U.S.C. § 1344(2) by committing financial institution fraud and one count of violating 18 U.S.C. § 1029(a)(2) by committing credit card fraud. Thompson was sentenced to 78 months of imprisonment on each count, with the sentences to run concurrently. Additionally, she was ordered to serve a supervised release term of five years on each count of financial institution fraud and three years on the count of credit card fraud, with all terms to be served concurrently.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11246

Following her release from prison, Thompson began serving her supervised release. After violating the terms of her supervised release a second time, the district court ordered her to serve an additional 48 months in prison. Thompson appeals, claiming that her confrontation right was violated and that her sentence is unreasonable. We affirm.

## I. Background

Thompson began supervised release in December 2006.[1] In March 2008, the district court revoked her supervised release and imposed an additional term of imprisonment, to be followed by supervised release.[2] Three months after Thompson was released from this additional period of imprisonment, the Government petitioned to revoke her supervised release, asserting that she violated her conditions of release when she failed: (1) to report in person within 72 hours of release to the probation office in the district of her release; (2) to notify her probation officer before any change in residence or employment; and (3) to permit her probation officer to visit her at any time or anywhere. Thompson did not admit or deny any of the allegations of the revocation petition.

In support of its revocation petition, the Government sought to offer the testimony of Jamil Tirhi, the Senior United States Probation Officer for the Northern District of Texas. He was not Thompson's probation officer; however, Thompson's probation officer, Kathleen Lamour, was not available to testify at the time of the revocation hearing. The district court suggested a continuance until Lamour would be available, but the Government declined.

---

[1] While Thompson entered her guilty plea in the District of Alaska, jurisdiction was transferred to the Northern District of Texas following her release from prison in 2006.

[2] This initial punishment for the violation of her terms of supervised release is not the subject of this appeal.

2

No. 12-11246

Tirhi testified that he was "familiar" with the conditions of release violations lodged against Thompson. He further testified that Thompson failed to report to the probation office upon release from imprisonment and that it was his understanding that Thompson traveled to Virginia after her release, where she was arrested under a warrant issued for her failure to report to the probation office within 72 hours of release from imprisonment. Thompson did not object to Tirhi's testimony, and she did not provide any contradictory proof.[3]

The district court found that Thompson violated her parole conditions, and therefore revoked her supervised release, imposing a cumulative prison sentence of 48 months. The district court did not impose further supervised release. Thompson timely appealed, arguing that the district court erred by violating her confrontation right when it admitted hearsay at the revocation hearing and that the sentence is plainly unreasonable.

## II. Standard of Review

Because Thompson did not object to Tirhi's testimony or the length of her sentence in the district court, we review only for plain error. *See* FED. R. CRIM. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Plain error review involves four steps:

> First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned . . . . Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights . . . . [F]inally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error.

---

[3] During allocution, Thompson claimed that she spoke to Lamour about her lack of residence and that she "self-surrendered" in Virginia; she did not deny having left Texas in violation of her release conditions or her failure to report to the probation office.

3

No. 12-11246

*Puckett*, 556 U.S. at 135 (citations and internal quotation marks omitted).

### III. Discussion

#### A. Confrontation Clause

A supervisee enjoys conditional liberty only and is not entitled to all rights applicable in a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). However, because a revocation hearing puts "a person's liberty . . . at stake," a supervisee has a due process right to "a fair and meaningful opportunity to refute and challenge adverse evidence to assure that the court's relevant findings are based on verified facts." *United States v. Grandlund*, 71 F.3d 507, 509–10 (5th Cir. 1995), *opinion clarified*, 77 F.3d 811 (5th Cir. 1996). Thus, a defendant in a revocation hearing has the "qualified right to confront and cross-examine adverse witnesses." *Id.* at 510; *see also* FED. R. CRIM. P. 32.1(b)(2)(C). There must be a specific finding of good cause when confrontation is not allowed. *Grandlund*, 71 F.3d at 510 n.6; *United States v. McCormick*, 54 F.3d 214, 221 (5th Cir. 1995) (holding that a defendant in supervised release revocation proceedings has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)" (citation and internal quotation marks omitted)).

Tirhi was not the probation officer assigned to Thompson's case. His testimony did not reveal personal knowledge of Thompson's alleged violations, nor did he reference any official records kept by the probation office. Further, the Government made no attempt to show good cause as to why Thompson should be denied the opportunity to confront Lamour, who was the primary source of the evidence supporting her alleged violations. *See* FED. R. CRIM. P. 32.1(b)(2)(C); *see also Farrish v. Miss. State Parole Bd.*, 836 F.2d 969, 978 (5th Cir. 1988) (finding that due process was violated when a parole board, without allowing confrontation, considered hearsay statements from a witness who

alleged that the parolee sold him marijuana, even though the parole revocation turned on a credibility determination of the witness). Thus, we conclude that there was error in admitting Tirhi's testimony, and this error was arguably clear.[4] *See Puckett*, 556 U.S. at 135.

However, plain error review recognizes that there is a consequence to the failure to object. *See Puckett*, 556 U.S. at 134 (noting that enforcement of "the contemporaneous-objection rule" serves to discourage a litigant from "remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor"). It would have been simple in a case such as this for defense counsel to have challenged the evidence through hearsay objections or objections to the absence of Lamour. By acquiescing in the proceeding in Lamour's absence, defense counsel made it appear that it was acceptable to present the evidence through Tirhi. Thus, Thompson must show that the error affected her substantial rights by demonstrating that, except for the error, the district court would not have revoked her term of supervised release or that there is a reasonable probability that she would have received a lesser sentence. *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010); *see also United States v. Olano*, 507 U.S. 725, 741 (1993) (holding that in a plain error case, the burden is on the individual claiming the violation to demonstrate prejudice).

The district court was authorized to revoke Thompson's supervised release if it found by a preponderance of the evidence that Thompson had violated any condition of her release. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 7B1.1(a)(3), 7B1.3(a)(2). Although Tirhi's hearsay testimony was the only proof offered, Thompson's entire argument is that Lamour—whom

---

[4] In light of our disposition of the other prongs of plain error review, we need not determine how clear the error was.

Thompson claims is a "more knowledgeable witness" than Tirhi—*might* have "lent . . . credence" to Thompson's claim that sufficient "mitigating factors" existed to preclude revocation or result in a lesser sentence. The claim of mitigation is arguably an implicit acknowledgment of guilt. *Cf. United States v. Wood*, 58 F.3d 637, 1995 WL 371100 at *4 n.4 (5th Cir. 1995) (unpublished but precedential, *see* 5TH CIR. R. 47.5.3) (noting that a defendant's "contention that he was pressured into participating was not a denial of guilt, but more in the nature of a request for mitigation of punishment"). Furthermore, Thompson's failure to cross-examine Tirhi, present any contradictory testimony at her revocation hearing, or even argue that the untruth of Tirhi's basic testimony means that "we cannot conclude that the State's failure to produce [Thompson's] parole officer as a hearing witness contributed to the revocation decision." *See Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir. 1999) (finding no violation of a defendant's due process rights where the parole officer was not made available, despite the defendant's request he be made available because the defendant claimed that the parole officer would provide mitigating testimony as to why he left Texas in violation of his release conditions). Indeed, where the testimony concerning the violation is uncontroverted, there is sufficient indicia of reliability from which a "district court could reasonably conclude that [Thompson] violated the terms of [her] supervised release." *See McCormick*, 54 F.3d at 226. *Compare United States v. Delbosque*, 463 F. App'x 364, 366 (5th Cir. 2012) (unpublished) (finding harmless error where the defendant established minimal interest in cross-examining the lab technician who prepared the report leading to his parole revocation), *with United States v. Justice*, 430 F. App'x 274, 278 (5th Cir. 2011) (unpublished) (holding that error was not harmless where the charges against the defendant turned on a credibility choice between the defendant and the hearsay declarant). Even on appeal, Thompson admits being in Virginia and

does not deny the Government's allegations; therefore, she cannot demonstrate a reasonable probability that her sentence would have been less if Lamour had been available to testify.[5]

B. Sentencing

Thompson does not challenge the calculation of her revocation sentences set forth in the petition that was before the district court. Instead, she argues that the sentence was plainly unreasonable because the district court imposed the revocation sentences cumulatively, undervalued mitigating circumstances, gave insufficient consideration to the Sentencing Guidelines policy statements, placed too much emphasis on prior convictions, and finally, sentenced her beyond her level of culpability.[6]

Thompson cannot show that there was any clear or obvious violation of her legal rights because the court was statutorily authorized to impose 48 months imprisonment, which is the maximum sentence allowed by the revocation statute.[7] *See* § 3583(e)(3); *see also Puckett*, 556 U.S. at 135. Nor did any impermissible effect result from the cumulation of the sentences because

---

[5] In fact, Thompson's claims are that she contacted her parole officer, she was dismissed from the homeless shelter she had originally given as her address, and she surrendered to police custody when she was in Virginia. She does not deny leaving Texas in violation of her parole or her failure to report to the parole office. Her sole claim is that the court might have found that her relocation to Virginia involved mitigating factors.

[6] On appeal, Thompson argues that the proper standard of review for her sentencing claim should be reasonableness. However, she concedes this is against circuit precedent. *See, e.g., United States v. Receskey*, 699 F.3d 807, 809 (5th Cir. 2012) (explicitly rejecting reasonableness review for sentences imposed upon revocation of supervised release). We review her unpreserved sentencing claim for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009) (applying plain error review where the defendant did not challenge his sentence at the parole revocation hearing).

[7] The district court was authorized to sentence Thompson to 20 months (3 years minus 16 months on previous revocation) for each count of violating § 1344(2), a class B felony, and 8 months (2 years minus 16 months on previous revocation) for violating § 1029(a)(2), a class C felony. § 3583(e)(3).

a district court may order that multiple sentences imposed at the same time be served consecutively. *See* 18 U.S.C. § 3584(a); *see also Whitelaw*, 580 F.3d at 260 ("The district court has the discretion to order that a sentence imposed upon the revocation of supervised release run concurrently with or consecutively to other sentences."). As this court has noted, revocation sentences exceeding the policy statements range but not exceeding the statutory maximum have been upheld as a matter of routine. *See, e.g., Whitelaw*, 580 F.3d at 265 (holding that the district court did not commit plain error because the sentence imposed did not exceed the statutory maximum); *United States v. Neal*, 212 F. App'x 328, 330–31 (5th Cir. 2008) (unpublished) (same); *United States v. Weese*, 199 F. App'x 394, 395–96 (5th Cir. 2006) (unpublished) (same). We need not reach the merits of her claims for why the sentence is unreasonable because Thompson "cannot demonstrate any error at all." *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012).

AFFIRMED.