# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50490

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

Plaintiff–Appellee,

v.

SAMANTHA CASTRO,
also known as Samantha Moreno Castro,
also known as Samantha M. Castro,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-10-CR01561-AM

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Castro appeals her sentence of eighteen months in connection with revocation of her supervised release. On appeal, Castro argues that the district court did not consider the proper factors in imposing her sentence, and that the sentence is an unreasonable departure from the sentencing guidelines.

---

* Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

No. 14-50490

Because we find that the district court properly considered and applied the relevant factors in imposing Castro's sentence, we AFFIRM.

**I.**

On January 20, 2010, Castro was detained and charged with one count of transportation of aliens in violation of 8 U.S.C. § 1324(a)(1). Castro was released on bond and instructed to attend a substance abuse treatment program for methamphetamines. She fled the treatment center and a warrant for her arrest was issued. Thereafter, she was taken into custody. She was subsequently sentenced to one year of supervised probation. On May 9, 2011 Castro's probation was revoked, and she was sentenced to eight months imprisonment followed by three years of supervised release. On February 19, 2014, the government filed a petition to revoke Castro's supervised release. The district court held a revocation hearing on May 19, 2014, and imposed a revocation sentence of eighteen months of imprisonment, to run consecutively to any state charges, followed by a second supervised release term of eighteen months.

The following facts and events were considered at the May 19, 2014 revocation hearing. Among other conditions of her probation, Castro was required to: (1) abstain from the use of alcohol and/or all other intoxicants during the term of supervision; (2) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and (3) refrain from committing another federal, state, or local crime.

Castro had a suspended driver's license dating back to unpaid tickets in 2008. On January 19, 2014, Castro was pulled over and cited for driving on a suspended license. She was instructed to find alternate transportation. On January 31, 2014, Castro was arrested for public intoxication and driving with license suspended. The arresting officer stated that he was not certified to perform the breathalyzer test required to arrest Castro for driving while

No. 14-50490

intoxicated, but that had the breathalyzer been available, Castro would have been arrested for DWI.  On February 4, 2014, Castro advised the probation office of the arrest for driving with a suspended license.  According to the probation officer, at a February 4, 2014 administrative hearing, Castro attempted to downplay her arrest.  The probation officer recommended that Castro's term of supervision be revoked.

## II.

Sentences imposed on revocation of supervised release are reviewed under a "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *cert. denied* 132 S.Ct. 496 (2011).  However, if the defendant fails to make a sufficient objection in the district court, this circuit uses a "plain error" standard of review.  *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).  "[U]nder plain error review, the defendant bears the burden to show: (1) error; (2) that is plain; (3) that affects his substantial rights"; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding.  *Id.* (internal quotation marks and citation omitted).  Here, because Castro did not make a sufficient objection in the district court, we use the plain error standard of review.

## III.

A district court's imposition of sentencing upon revocation of supervised release is governed by 18 U.S.C. § 3583(e)(3).  Under § 3583(e)(3), after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision. . . ." § 3583(e)(3).

3

No. 14-50490

The original charge underlying Castro's supervised release is the transportation of an alien offense, in violation of § 1324(a)(1)(A)(ii) and (B)(ii). This is a Class D felony. Under § 3583(e)(3), where the underlying offense of conviction is a Class D felony, the statutory maximum for sentencing in connection with revocation of supervised release is two years. § 3583(e)(3). The district court imposed a sentence of eighteen months, which is less than the two year maximum permitted under § 3583(e)(3).

Castro argues that the district court did not adequately consider the relevant factors when determining her sentence.[1] Castro further argues that the district court provided insufficient reasons for imparting the eighteen-month sentence, which was above the sentencing range in the advisory guidelines. The district court may impose a sentence outside of the advisory guidelines' range, so long as the court does not exceed the statutory maximum. *Warren*, 720 F.3d at 332 (citing *United States v. Casey*, 340 F. App'x 199, 200 (5th Cir. 2009)).

Through the revocation hearing, the district court explained precisely why it was choosing to impart a lengthy sentence upon Castro, given the specific circumstances of her violations and her history while on supervised release. The district court considered the multiple opportunities Castro had received, including being part of an extremely small minority of defendants who were initially granted probation. The district court also considered Castro's failure to reform her behavior after receiving previous warnings and directives from her probation officers. The court also stated that it considered the ineffectiveness of her previous incarceration at rehabilitating her behavior

---

[1] Castro argues that the district court did not properly consider the factors under § 3583(c). Because this is a sentence imposed in connection with a revocation of supervised release, it is properly governed by § 3583(e), not § 3583(c). Under § 3583(e), the relevant factors are those listed in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

4

and deterring her from future offenses. On this record, the district court's decision was not "plain error."

Because Castro fails to show that the district court's sentence was in error, we AFFIRM.