# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-10410
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BRIAN NOLLEY, also known as B-Nolley,

Defendant–Appellant.

—————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-174-15

—————————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Brian Nolley appeals from the revocation of his supervised release and the revocation sentence imposed pursuant to 18 U.S.C. § 3583(e)(3). On appeal, Nolley argues that he was deprived of his due process right to confrontation when the district court admitted hearsay evidence, consisting of police reports and an unsworn out-of-court statement, at his revocation hearing. Nolley concedes that plain error review applies because he did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raise this issue in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, he must show a forfeited error that is clear or obvious and affects his substantial rights. *Id.* Even if he makes such a showing, this court will only correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Due process requires that a person in supervised release revocation proceedings have "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *United States v. McCormick*, 54 F.3d 214, 221 (5th Cir. 1995) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). When determining whether hearsay is admissible in revocation proceedings, the court "balances the releasee's interest in confronting a particular witness against the government's good cause for denying it." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994) (modification omitted) (quoting *United States v. Kindred*, 918 F.2d 485, 486 (5th Cir. 1990)).

Assuming *arguendo* that the district court committed a clear or obvious error when it failed to engage in the balancing test despite the lack of an objection, Nolley has failed to establish that the asserted error affected his substantial rights. *See Puckett*, 556 U.S. at 135. To make such a showing, "he must demonstrate that [the error] 'affected the outcome of the district court proceedings.'" *Id.* (quoting *Olano*, 507 U.S. at 734). Nolley argues that the error affected his substantial rights because it affected both the likelihood of revocation and the length of his revocation sentence.

The revocation of supervised release is mandatory if the district court finds that the defendant committed a Grade A or Grade B violation. § 3583(g)(1); U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(a)(1) (U.S.

SENTENCING COMM'N 2015).     Nolley admitted to possession and use of controlled substances—a Grade B violation for which revocation was mandatory.  § 3583(g)(1); *see United States v. Jimison*, 825 F.3d 260, 262 (5th Cir. 2016).  Even if revocation was not mandatory, *see* § 3583(d), the challenged hearsay testimony was not the only evidence supporting revocation.  *See McBride v. Johnson*, 118 F.3d 432, 438 (5th Cir. 1997).  Nolley has not shown that the confrontation violations, if any, were "sufficient to undermine confidence in the outcome." *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).  Further, he "cannot demonstrate a reasonable probability that [his] sentence would have been less" if he had been able to cross-examine the hearsay declarants.  *United States v. Thompson*, 548 F. App'x 200, 204 (5th Cir. 2013).

Finally, even if Nolley were able to show a plain error that affected his substantial rights, he fails to establish that the error affected the fairness, integrity, or public reputation of judicial proceedings.  *See Puckett*, 556 U.S. at 135.  Additionally, Nolley never refuted the subject statements in the district court and does not directly refute them here.  Therefore, the district court's judgment is AFFIRMED.