United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

06-10674

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH COLE CANTRELL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth
No. 4:06-cr-00045-A

_____

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph Cole Cantrell challenges the twenty-three month sentence imposed after the revocation of his supervised release. Cantrell argues that the district court's failure to articulate its reasons for selecting a sentence above the advisory sentencing range rendered his sentence unreasonable. Finding Cantrell has not demonstrated error, plain or otherwise, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    BACKGROUND

Cantrell pleaded guilty to possession of a firearm by a convicted felon and was sentenced to 60 months of imprisonment and three years of supervised release. He began serving his term of supervised release on November 28, 2005.

Cantrell was arrested on May 18, 2006, for violating the terms of his supervised release. The government subsequently moved to revoke, alleging that Cantrell had violated the terms of his supervised release by: (1) using and possessing methamphetamine; (2) failing to report as instructed by his probation officer; (3) failing to participate in a drug aftercare program by missing urine collection and counseling sessions; and (4) failing to comply with home confinement conditions by not answering his telephone and removing his leg monitor. In the Supervised Release Violation Report, the probation officer determined that Cantrell's statutory maximum sentence was 24 months of imprisonment and that his advisory guidelines sentence range was 8-14 months of imprisonment.

At the revocation hearing, Cantrell admitted to violating the terms of his supervised release by using and possessing methamphetamine and failing to participate in the drug aftercare program. The district court found that the remaining charges were also true and revoked Cantrell's supervised release. The district court sentenced Cantrell to 23 months of imprisonment and 13 months of supervised release without any explanation of the reasons for the sentence imposed. The written judgment revoking Cantrell's

supervised release stated that the district court "considered all factors set forth in 18 U.S.C. § 3553(a)." Cantrell appeals.

II.  ANALYSIS

Cantrell challenges the sentence imposed after revocation of his supervised release. Cantrell contends that the district court erred in sentencing him above the range suggested by the applicable policy statement in light of the court's failure to expressly consider the advisory range and articulate findings to justify the sentence imposed. Cantrell urges this Court to review the sentence for reasonableness.[1]

Prior to *United States v. Booker,* 543 U.S. 220 (2005), we reviewed a sentence imposed after revocation of supervised release to determine whether it was "in violation of the law or plainly unreasonable." *United States v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994). Subsequent to *Booker*, we have recognized that there is a circuit split regarding whether *Booker* changed the standard of review for revocation sentences from "plainly unreasonable" to reasonableness. *United States v. Jones,* __ F.3d __, Nos. 06-30535 & 06-30563, 2007 WL 1098433, *7 (5th Cir. April 13, 2007). We further recognized that other courts of appeals found the two

---

[1]  The government contends that this Court does not have jurisdiction over the appeal because Cantrell failed to argue that the sentence is plainly unreasonable. This contention is without merit. Cantrell explicitly states that the standard of review is either reasonableness or plainly unreasonable and urges this Court to adopt reasonableness as the standard. The motion to dismiss for lack of jurisdiction is denied.

3

standards functionally equivalent. *Id.* Nonetheless, we did not reach the issue because the appellant had not preserved the objection and thus it was "subject only to plain error review on appeal." *Id.* at *7. Here, because Cantrell is precluded from obtaining relief in any event, we will assume solely for the purposes of this appeal that we would ultimately choose to follow the circuits that have reviewed post-*Booker* revocation sentences for reasonableness.[2]

At the revocation hearing, Cantrell urged the district court to sentence him within the advisory range. Such a "generalized request" does not provide a district court the "opportunity to clarify its reasoning or correct any potential errors in its understanding of the law at sentencing, and its efforts to reach a correct judgment could be nullified on appeal." *United States v. Hernandez-Martinez*, __ F.3d __, No. 06-40271, 2007 WL 1140327, *2 (5th Cir. April 18, 2007).

Additionally, Cantrell asserts that the court did not state that it considered the advisory sentencing range. Cantrell admits that at the hearing he "specifically argued for the district court to follow the advisory imprisonment range of 8-14 months and argued

---

[2]     However, it should be noted that this Court has indicated—though not held—that "[t]he Fourth Circuit persuasively reasons that § 3742(a)(4), which authorizes the 'plainly unreasonable' standard for revocation sentences, was not invalidated by *Booker.*" *Hernandez-Martinez,* 2007 WL 1140327 at *3 (citing *United States v. Crudup,* 461 F.3d 433, 437 (4th Cir. 2006)).

4

that a sentence within that range was the presumptively reasonable sentence." In its judgment of revocation and sentence, the district court expressly stated that it had considered the argument of counsel. Thus, the record indicates that the court considered the advisory range.

Cantrell also argues that his sentence is not reasonable because the district court failed to articulate on the record its reasons for deviating from the advisory sentencing range. Cantrell failed to make this particular objection, thus depriving the district court of an opportunity to remedy any error. We therefore review this contention for plain error. To demonstrate plain error, Cantrell must show there is: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Jones*, 2007 WL 1098433 at *7.

Prior to *Booker*, this Court had made clear that when imposing a revocation sentence, "[i]mplicit consideration of the § 3553 factors is sufficient." *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996) (citing *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir. 1995)). Because this Court has not yet required district courts to expressly state their reasons for selecting a revocation sentence, any such error could not now be plain.

Moreover, the Second Circuit, which reviews post-*Booker* revocation sentences for reasonableness, does *not* require explicit

5

consideration of matters relevant to sentencing. *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir. 2005). The Second Circuit explained that:

> [i]n this context, we continue to believe that no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to "consider" matters relevant to sentencing. As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguable applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.

*Id.; but see United States v. Miqbel,* 444 F.3d 273 (9th Cir. 2006) (vacating revocation sentence because the district court failed to state specific reasons for the particular sentence imposed).

In the instant case, the judgment provided that "the court considered all factors set forth in 18 U.S.C. § 3553(a)." Such a statement satisfies the requirement of implicit consideration of the statutory factors. It is undisputed that Cantrell's sentence, although above the advisory sentence suggested in the applicable policy statement, is below the statutory maximum. Cantrell has not shouldered his burden of demonstrating plain error.

The district court's judgment is AFFIRMED. The motion to dismiss for lack of jurisdiction is DENIED.