**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2012

No. 11-51037
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANSELMO REYES-ARGUELLES, also known as Enselmo Reyes-Arguelles, also known as Ramiro Reyes-Arguelles, also known as Ramiro Reyes-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1722-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:*

Anselmo Reyes-Arguelles appeals the 15-month within-guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. Reyes-Arguelles argues that his sentence, which is near the top of the applicable guidelines range, is substantively unreasonable. Specifically, he contends that the Guideline that governs illegal reentry offenses produced an unreasonable sentence because it is not empirically based, resulted in double and triple

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counting of his criminal history, and failed to account for the nonviolent nature of his offense and his personal history and circumstances.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Reyes-Arguelles's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). Reyes-Arguelles challenges the presumption of reasonableness applied to his sentence but acknowledges the issue is foreclosed and raises it only to preserve the issue for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009).

We have consistently rejected the argument that the seriousness of the offense of illegal reentry is overstated because U.S.S.G. § 2L1.2 lacks an empirical basis and gives heavy weight to criminal history. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Similarly, we have not been persuaded by the contention that the Guidelines fail to account for the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Also, Reyes-Arguelles contends that his guidelines range failed to account for his personal history and circumstances. The district court listened to Reyes-Arguelles's arguments for a lesser sentence but imposed a sentence within the guidelines range. Reyes-Arguelles has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Also, Reyes-Arguelles contends that his guidelines range failed to account for his personal history and circumstances. The district court listened to Reyes-Arguelles's arguments for a lesser sentence but imposed a sentence within the guidelines range. Reyes-Arguelles has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See Cooks,* 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.