# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40133
c/w No. 13-40145
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERMAN SANCHEZ-VALLE,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-719-1
USDC No. 2:09-CR-318-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

German Sanchez-Valle appeals his 30-month within-guidelines sentence that was imposed following his guilty plea to a charge of illegal reentry after deportation, as well as his 21-month sentence that was imposed upon the revocation of his supervised release. With regard to his 30-month sentence, Sanchez-Valle argues that the district court committed procedural error by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to consider the 18 U.S.C. § 3553(a) factors in imposing his sentence and by failing to adequately explain its reasons for the sentence.  He also argues that his sentence is substantively unreasonable.

Ordinarily, we review sentences for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a), employing a bifurcated process.  *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  We first determine whether the district court committed any significant procedural error.  *Cisneros-Gutierrez*, 517 F.3d at 764 (citation omitted).  If the sentence is procedurally sound, we then consider the substantive reasonableness.  *See id.*  Sanchez-Valle concedes that because he did not object to the procedural or substantive reasonableness of the 30-month sentence, review is for plain error only.  To establish plain error, Sanchez-Valle must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

A sentencing court commits significant procedural error where it fails to consider the § 3553(a) factors or fails to adequately explain the chosen sentence *Gall*, 552 U.S. at 51.  When a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.  *Rita v. United States*, 551 U.S. 338, 356 (2007).  Here, the district court considered Sanchez-Valle's arguments for a lesser sentence, which included arguments concerning his personal history and characteristics, but the district court decided that a sentence at the top of the advisory guidelines range was appropriate.  Although the district court did not explicitly refer to the § 3553(a) factors, a court imposing a guidelines sentence is presumed to have considered

the § 3553(a) factors, which are embodied in the Guidelines. *See id.* at 347-51. To the extent that Sanchez-Valle argues that the district court committed procedural error by treating the Guidelines as mandatory, there is no indication of such treatment in the record, and Sanchez-Valle points to none.

Although Sanchez-Valle challenges the substantive reasonableness of his sentence, his within-guidelines sentence is presumed to be reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Sanchez-Valle fails to rebut the presumption of reasonableness that attaches to his within guidelines sentence. He fails to offer any authority that the district court actually failed to account for a factor that should have received significant weight; that the court gave significant weight to an irrelevant or improper factor; or that the sentence represented a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Sanchez-Valle is essentially asking this court to reweigh the § 3553(a) factors, which we may not do. *See Gall*, 552 U.S. at 51.

Sanchez-Valle's argument that his criminal history was overstated or did not justify the 30-month sentence similarly fails. We have repeatedly rejected arguments that convictions for illegal reentry are somehow less heinous or unworthy of criminal history points. *See United States v. Reyes-Arguelles,* 471 F. App'x 315, 316 (5th Cir. 2012) (unpublished). We have also rejected the argument that the crime of illegal reentry is merely a trespass offense that is treated too harshly under U.S.S.G. § 2L1.2. *See United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006). Accordingly, Sanchez-Valle has not shown error, much less plain error regarding the procedural and substantive reasonableness of his 30-month sentence. *See Puckett*, 556 U.S. at 135.

Next, Sanchez-Valle argues that the district court did not address him personally, and he was not given the opportunity to allocute. He also argues

that he was afforded the opportunity to allocute, but that the district court "cut off" his attempt to allocute. Sanchez-Valle did not object to the district court's alleged denial of this right, and our review is for plain error only. *United States v. Avila-Cortez,* 582 F.3d 602, 604 (5th Cir. 2009). Our review of the record shows that Sanchez-Valle was given the opportunity to address the court but declined to do so.

Last, we consider Sanchez-Valle's challenge to the 21-month sentence imposed upon revocation of his supervised release. Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). When specific claims of error raised on appeal were not raised before the district court, such as the case here, our review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Sanchez-Valle has not shown error, plain or otherwise, with regard to his revocation sentence. His 21-month sentence, which was at the bottom of the sentencing range recommended by the policy statements, is entitled to a presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). To the extent that Sanchez-Valle argues that the district court failed to adequately explain its reasons for imposing the 21-month sentence, we do not require district courts to state explicitly the reasons for selecting a revocation sentence; thus, any error (to which no objection was made) cannot rise to the level of plain error. *See United States v. Cantrell*, 236 F. App'x 66, 69 (5th Cir. 2007). Also, and contrary to Sanchez-Valle's argument, there is nothing in the record to suggest that the district court relied upon improper sentencing factors. *See Miller*, 634 F.3d at 844. Accordingly, the judgment is AFFIRMED.