# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-10094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2014

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TONY JAY BREEDLOVE,

Defendant - Appellant

Cons. w/No 14-10096

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TONY JAY BREEDLOVE, also known as Anthony Love Breedlove,

Defendant - Appellant

————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CR-26-1
USDC No. 5:13-CR-110-1

————

No. 14-10094
c/w No. 14-10096

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

In these consolidated appeals, Tony Jay Breedlove appeals the district court's revoking his terms of supervised release and imposing consecutive sentences of 14 months' imprisonment. Having failed to raise the following issue in district court, Breedlove contends the court committed reversible plain error by failing to offer an adequate explanation for his sentences, claiming an explanation was required because he made a nonfrivolous argument for a lower sentence. He claims such reversible plain error because: the reasons for rejecting his arguments for leniency do not appear on the record; and there was a reasonable probability that a fuller consideration of his arguments for leniency would have led to the imposition of lower sentences. He maintains such error should be corrected because it affected the fairness, integrity, and public reputation of judicial proceedings.

Alternatively, Breedlove contends no objections to the sentences were necessary to obtain plenary review because he articulated an argument for lesser sentences, thus alerting the court to the need for an explanation. He acknowledges our court held otherwise in *United States v. Whitelaw*, 580 F.3d 256, 263 (5th Cir. 2009), but claims *Whitelaw* was wrongly decided and should be overruled. In the alternative, he raises the issue to preserve it for further possible review.

Of course, one panel of this court may not overrule another, absent an intervening change in law, Supreme Court decision, or an en-banc opinion of

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

this court.  *E.g.*, *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).  As noted, this issue is preserved for further possible review.

As also noted, this court has held a defendant must raise a claim of procedural error as to a revocation sentence to preserve that issue for review. *Whitelaw,* 580 F.3d at 259.  Because Breedlove did not object to the sentences imposed on revocation, review is only for plain error.  *E.g., id.*  Under that standard, Breedlove must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

"[W]e do not require district courts to state explicitly the reasons for selecting a revocation sentence; thus, any error (to which no objection was made) cannot rise to the level of plain error."  *United States v. Sanchez-Valle,* 554 F. App'x 272, 274 (5th Cir. 2014).  Implicit consideration of the 18 U.S.C. § 3553(a) sentencing factors is sufficient in a revocation proceeding.  *United States v. Gonzalez,* 250 F.3d 923, 930 (5th Cir. 2001); *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996); *see, e.g., Whitelaw,* 580 F.3d at 264.  Moreover, the district court stated the sentences "address[] the issues of adequate deterrence and protection of the public", which are two § 3553(a) factors that are permissible considerations in a revocation proceeding.  *See* 18 U.S.C. § 3583(e)(3).

AFFIRMED.