IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-51464

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RUBEN MARTINEZ PEREZ

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:01-CR-372-ALL

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

At Defendant-Appellant Ruben Martinez Perez's sentencing following revocation of his supervised release, the district court exceeded the sentencing range recommended by the policy statements in the United States Sentencing Guidelines (the "Guidelines") when it imposed the statutory maximum of 60 months imprisonment. Perez appeals, contending that the district court committed plain error by not expressly stating its reasons for selecting a supervised release revocation sentence outside the policy statements'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recommended range. Concluding that the district court did not commit plain error when it failed to provide its specific reasons for imposing a sentence above the recommended range, we affirm.

## I. FACTS AND PROCEEDINGS

In 2002, Perez pleaded guilty to importation of cocaine in violation of 21 U.S.C. §§ 952 and 960, and was sentenced to 37 months imprisonment plus three years of supervised release. His term of supervised release began in 2004.

After Perez was arrested for possession of cocaine and marijuana in 2006, the government sought to revoke his supervised release. Perez pleaded true to the government's allegation that he had violated the terms of his supervised release. Under the policy statements in Chapter 7 of the Guidelines, which provide non-binding ranges for sentences imposed pursuant to revocation of supervised release,[1] the recommended range of imprisonment for Perez was 24 to 30 months, and the statutory maximum term of imprisonment was 60 months.

After hearing arguments from both Perez and the government, the district court made only the following statement: "The Court has considered the policy statements contained in Chapter 7 of the Guidelines and finds that they do not adequately address the Defendant's repeated violations of the conditions of release." The court then sentenced Perez to the statutory maximum of 60 months in prison. Perez timely filed a notice of appeal.

## II. STANDARD OF REVIEW

---

[1] Probation revocation sentences are not congruent with Guidelines sentences for crimes of conviction. Even under the pre-United States v. Booker, 543 U.S. 220 (2005), mandatory Guidelines regime, supervised release revocation sentences were left to the discretion of the court, and the sentencing ranges recommended by the policy statements in Chapter 7 of the Guidelines were treated as non-mandatory. The Sentencing Commission explained that it chose to issue advisory policy statements for sentences following revocation of supervised release because they provide the district court with "greater flexibility" than do the official Guidelines. U.S.S.G. ch. 7, pt. A, § 3(a); see also United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994); United States v. Levi, 2 F.3d 842, 845 (8th Cir. 1993).

Both parties agree that, because Perez raises this claim for the first time on appeal, it is reviewed for plain error.[2] To demonstrate plain error, Perez must show that (1) there is error; (2) it is plain; (3) it affects substantial rights; and (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[3]

## III. ANALYSIS

The district court did not plainly err when, following the revocation of Perez's supervised release, it sentenced him outside the Guidelines-recommended range and offered scant explanation for so doing. As even the court's sparse rationale for imposing the statutory maximum satisfies our standard, Perez's claim must fail.

Two main statutory provisions are relevant to the discussion of Perez's claim. First, the district court is required, under § 3553(c)(2) of the Sentencing Reform Act of 1984 (the "SRA"), to state its reasons for the imposition of a particular sentence. In the instance of a supervised release revocation, if the sentence is "outside the range" set forth in the advisory policy statements contained in Chapter 7 of the Guidelines, the court must articulate its "specific reason" for imposing such a sentence.[4] Second, pursuant to § 3583(e) of the SRA,

---

[2] United States v. Akpan, 407 F.3d 360, 378 (5th Cir. 2005); cf. United States v. Lewis, 424 F.3d 239, 243 (2d Cir. 2005) (noting that, even though appellant "did not raise her 18 U.S.C. § 3553(c) objection at the time of her sentencing . . . a less stringent standard" than plain error review may apply); United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002) ("In the sentencing context, there are circumstances that permit the Court of Appeals to relax the otherwise rigorous standards of plain error review to correct sentencing errors."); see also FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

[3] United States v. Jones, 484 F.3d 783, 791-92 (5th Cir. 2007).

[4] 18 U.S.C. § 3553(c)(2) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . .") (emphasis added).

the sentencing judge, when determining the appropriate sentence for a supervised release violation, must consider most of the factors set forth in § 3553(a), such as the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)), the need to protect the public from further crimes by the defendant (§ 3553(a)(2)(c)), and the applicable guidelines or policy statements issued by the Sentencing Commission (§ 3553(a)(4) & (a)(5)) concerning revocation of supervised release, including Chapter 7 of the Guidelines, which suggests penalties to be imposed pursuant to supervised release violations.[5]

Perez contends that § 3553(c)(2) of the SRA requires that the district court expressly state its reasons (orally or in writing) for selecting a revocation sentence. Perez cites the Second Circuit's decision in United States v. Lewis as authority for his argument that the district court's simple rationale, i.e., that it "considered the policy statements contained in Chapter 7 of the Guidelines" but determined that "they do not adequately address the Defendant's repeated violations of the conditions of release," does not satisfy § 3553(c)(2)'s "specific reason" requirement.[6] Thus, insists Perez, the sentencing judge committed plain error.

The government, in contrast, contends that § 3553(c)(2) is silent on the scope of the "specific reason" requirement. The government notes that the SRA

---

[5] 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553 (a) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision . . . .") (emphasis added).

[6] 424 F.3d 239 (2d Cir. 2005). Perez's heavy reliance on Lewis might be misplaced. In Lewis, the district court stated "no reason at all" for exceeding the advisory sentencing range under the non-binding policy statements in the Sentencing Guidelines. Id. at 242. The Second Circuit concluded that the district court had failed to state its specific reasons for the sentence and remanded for resentencing. Id. at 249. In contrast, the district court in Perez's case demonstrated at least some consideration of the relevant sentencing factors under § 3553(a).

requires only that courts consider the non-binding policy statements concerning the revocation of supervised release contained in Chapter 7 of the Guidelines, arguing that the district court complied with this requirement when it explicitly confirmed that it had "considered the policy statements contained in Chapter 7" before issuing Perez's revocation sentence. The government concludes that, as the district court sufficiently disclosed the rationale behind its sentence, it did not commit plain error.

Given the plain error standard of review today, we do not address what oral or written disclosure requirements the SRA and Chapter 7 of the Guidelines place on the sentencing judge in a supervised release revocation sentencing hearing. This is because the district court followed established precedent and thus did not plainly err. In United States v. Teran, we made clear that even "implicit consideration of the § 3553 factors is sufficient" when a judge imposes a supervised release revocation sentence.[7] The district court's minimal disclosure of the rationale behind Perez's sentence is therefore sufficient to rise above the level of plain error.

## IV. CONCLUSION

Because the sentencing judge followed established precedent here and thus did not commit plain error, Perez's sentence is AFFIRMED.

---

[7] 98 F.3d 831, 836 (5th Cir. 1996) (emphasis added) (citations omitted); see also United States v. Headrick, 963 F.2d 777, 782 (5th Cir. 1992).