# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-10170
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAY MORALES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CR-70-2

Before KING, GARWOOD, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ray Morales appeals the February 2008 18-month sentence imposed following revocation of his supervised release.  He argues, for the first time on appeal, that the district court imposed a procedurally unreasonable sentence when it upwardly deviated from the recommended guidelines range without expressly stating that it specifically considered the 18 U.S.C. § 3553(a) factors or otherwise expressly stating any reasons for the sentence imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The underlying conviction was for the July 2000 possession with intent to distribute of more than 50 grams of a mixture and substance containing methamphetamine, for which appellant was sentenced in January 2001 to 87 months in prison and 4 years' supervised release (the PSR for this offense reflects, among other things, a 1999 conviction for possession with intent to deliver a controlled substance). Supervised release commenced in February 2007. The motion to revoke, filed January 31, 2008, alleged violation of the mandatory condition of not illegally possessing a controlled substance, in that appellant used cocaine on December 31, 2007, and on January 1, 12 and 21, 2008; it was also alleged that he violated the drug aftercare condition by violation of its alcohol abstinence condition on December 31, 2007. Appellant pleaded true to these allegations. The Supervised Release Violation Report, to which no objection was made, stated that the advisory chapter 7 revocation sentence suggested range was 5-11 months' imprisonment, based on a grade C violation and criminal history category of III. It also stated that appellant's urine specimen submitted January 27, 2008 tested positive for cocaine; and that he "terminated his employment (at his full time job) abruptly on or about January 21, 2008." It also stated he "could benefit from continued participation in substance abuse treatment while in custody."

At the revocation hearing, no evidence was presented. Appellant's counsel stated that during supervision appellant maintained his own residence, had both a full time job and a part time job, was a reliable employee, always on time and worked overtime, and attempted "to reunite with his family and those obligations." Counsel stated "I would ask the Court to take that into account when sentencing," but said nothing more specific with respect to the sentence desired except to "ask the Court for a nonbinding placement recommendation to Beaumont." Counsel's entire statement occupies some ten lines in the transcript.

The court offered appellant the opportunity to allocute if desired, and appellant expressly declined to do so.

The court then stated that it granted the motion to revoke, noting appellant's admission of true to the allegations, stated that "we have a grade C violation with a Criminal History Category of III." The court then sentenced appellant to 18 months, stating "I will recommend he be placed at FCI Beaumont." The court also imposed a 36 month term of supervised release, explaining some of the conditions. Then the court addressed appellant – "Now, Mr. Morales" – explaining matters related to his appellate rights. The court then stated "You may stand aside."

When a defendant, upon revocation of supervised release, fails to object to the imposed sentence in the district court, his sentence is subject to plain error review. United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007).

Morales argues that his claim should not be subject to plain error review because he had no opportunity to object to the district court's sentence when, at the revocation hearing, he was told to "stand aside" immediately following the imposition of the sentence. This court has, on occasion, refused to apply the plain error standard of review if a defendant was denied an opportunity to object to his sentence. See, e.g., United States v. Warden, 291 F.3d 363, 365 n. 1 (5th Cir. 2002), (holding that the defendant had no opportunity to preserve an objection to a special condition of supervised release imposed for the first time in the written judgment); United States v. Castillo, 430 F.3d 230, 243 (5th Cir. 2005) (finding it futile to require a prosecutor to formally object where the district court was openly hostile towards the prosecutor and continuously interrupted his attempts to formally object). However, Morales has provided no evidence that he was denied such an opportunity. Morales's sentence was imposed in open court while he and his counsel were present; there is no indication that an objection would have been futile or that the court ever expressed anger, hostility, or an unwillingness to consider a proper objection.

3

Further, the fact that the court did not invite Morales to lodge an objection at the conclusion of sentencing did not relieve him and his counsel of the responsibility of asserting his objection, or, at least, ensuring that the record reflected that he was prevented from doing so.

Thus, Morales's claim is subject to plain error review because he failed to object in district court. See United States v. Peltier, 505 F.3d 389, 391–92 (5th Cir. 2007). To demonstrate plain error, Morales must show a clear or obvious error which affected his substantial rights. Id. at 392. We note in this connection that it is obvious that the court heard and considered counsel's brief, nonspecific argument (it granted the request to recommend FCI Beaumont as the place of confinement). Nor can counsel's argument be reasonably deemed to have brought out any especially compelling or unusual grounds in mitigation such as to clearly call for a response.

Even if it is assumed that the district court's failure to expressly state reasons for imposing the sentence as it did constitutes clear or obvious error, the error is not reversible because Morales has not shown that it affected his substantial rights. See United States v. Garza-Lopez, 410 F.3d 268, 275 (5th Cir. 2005).[1] Though the 18-month sentence imposed exceeded the recommended guidelines range, it did not exceed the applicable three-year statutory maximum for a class B felony, 18 U.S.C. § 3583(e)(3), section 3583(g)(1) requires revocation and imposition of a term of imprisonment, and this court has "'routinely upheld' sentences on revocation above the advisory policy range but within the statutory maximum." United States v. Neal, 212 F. App'x 328, 331 (5th Cir. 2007).

Accordingly, the district court's judgment is AFFIRMED.

---

[1]See also United States v. Cantrell, 236 Fed. App'x. 66 (5th Cir. 2007); United States v. Perez, 260 Fed. App'x. 720 (5th Cir. 2007). United States v. Tisdale, 264 Fed. App'x. 403 (5th Cir. 2008), relied on by appellant, is not a revocation sentencing case, involved rejecting a specific argument, and did not address plain error review.