**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-30171
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RONALD P E LEEDS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:02-CR-10020-2

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronald P. E. Leeds pleaded guilty to count 1 of 43-count superseding indictment. Count one charged Leeds, Don W. Slater, and Daniel Patton with conspiracy to commit mail fraud and wire fraud. R. 1, 32-34. The plea was made pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). The presentence report (PSR) tabulated the victims, their investment in the scheme, and their losses. Subtracting the amount recovered from the amount invested yielded $3,731,508.03 as the total victim loss. Leeds made several objections to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contents of the PSR that were adopted but did not change the above calculation. The PSR also recommended that the total victim loss, $3,731,508.03, be paid by Leeds in restitution.

Leeds objected to this amount of restitution. Specifically, Leeds argued that the entire extent of the fraud by Slater and Patton was not foreseeable to Leeds and that he should pay restitution only in the amount of money he personally received, approximately $800,000. The district court took testimony from Special Agent Tony Chenevert of the Federal Bureau of Investigation and from Leeds regarding the parameters of Leeds involvement in the fraudulent investment scheme involving Slater and Patton. Following the testimony, the district court sentenced Leeds to 45 months in prison to be followed by 2 years of supervised release and ordered restitution of $3,731,508.03 to be paid by Leeds jointly and severally with Slater and Patton.

On appeal, Leeds argues that there was no reliable factual basis to support the district court's factual finding as to the amount of loss relevant to his conviction for conspiracy. Leeds also argues that the restitution order based on that finding was an abuse of discretion.

With respect to the factual determination of the amount of loss attributed to Leeds's offense, the district court is entitled to rely upon the information in the PSR as long as the information bears some indicia of reliability. *See United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue. *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). "Furthermore, if no relevant affidavits or other evidence is submitted to rebut the information contained in the PSR, the court is free to adopt its findings without further inquiry or explanation." *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). In this case, Leeds not only failed to rebut the contents of the

PSR, he made no objection to the portions of the PSR calculating the amount of loss attributable to his offense of conviction, and this failure to object was noted by the district court. Leeds asserts on appeal that he was not given sufficient time to review the PSR in accordance with FED. R. CRIM. P. 32(e)(2) and that he did not waive this requirement. This assertion is false. Leeds waived all notice time periods and response opportunities in open court. Further, Leeds's failure to make a timely objection to this factual finding forfeited his claim of error. *See United States v. Arviso-Mata,* 442 F.3d 382, 384 (5th Cir. 2006); *United States v. Olano*, 507 U.S. 725, 733 (1993). Forfeited errors are redressable only if there is reversible plain error. *Olano*, 507 U.S. at 733. As a question of fact that was capable of resolution by the district court upon proper objection, this issue cannot constitute plain error. *See United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995).

Restitution under the Mandatory Victim Restitution Act is a criminal penalty and a component of the defendant's sentence. *See United States v. Chaney*, 964 F.2d 437, 451 (5th Cir. 1992). This court reviews the legality of a restitution order de novo. If a restitution order is legally permitted, the order is reviewed for an abuse of discretion. *Id.* The MVRA authorizes a district court to order restitution to victims of certain offenses, including offense committed by fraud or deceit. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii); *United States v. Cothran*, 302 F.3d 279, 289-90 (5th Cir. 2002) (affirming mandatory restitution order under MVRA for mail fraud conviction). Given that a restitution award was legally permissible, Leeds has not produced anything to show that the award was an abuse of the district court's discretion. The district court's restitution order was not an abuse of discretion.

AFFIRMED.