# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2011

Lyle W. Cayce
Clerk

No. 10-20580
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEROY ARTHUR MARSTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-360-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leroy Arthur Marston appeals the sentence imposed after revocation of supervised release. The 24-month sentence is the statutory maximum sentence, above the advisory guidelines range of eight to 14 months.

Primarily, Marston contends that the district court committed plain error by providing inadequate reasons for imposing the maximum sentence. The court's explanation was adequate to show that the court considered the parties' arguments and had a reasoned basis for exercising its sentencing authority. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Rita v. United States*, 551 U.S. 338, 356 (2007). Further, Marston cannot show that a better explanation likely would have resulted in a lesser sentence. He thus fails to show that any error affected his substantial rights as is required under plain-error review. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009).

Marston further contends that the district court improperly based the sentence on "just punishment," a factor listed in 18 U.S.C. § 3553(a)(2)(A) and thus barred from consideration by § 3583(e) and *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed* (May 27, 2011) (No. 10-10784). He argues that this claim is preserved and thus reviewable under the "plainly unreasonable" standard rather than for plain error. Plain-error review applies because Marston's general objection to the harshness of the sentence said nothing about the consideration of any prohibited factor, and thus did not "alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). In any event, *Miller* indicates that the "plainly unreasonable" standard is akin to the plain-error standard in that a defendant must show that his sentence resulted from an error that "was obvious under existing law." *Miller*, 634 F.3d at 843. Given this evident similarity between the "plainly unreasonable" and "plain error" standards, the claim lacks merit under either standard.

We first note that revocation of Marston's supervised release was mandated by § 3583(g) because Marston violated an express condition of supervised release by being convicted of a drug possession crime punishable by more than one year. *See* § 3583(g). Section 3583(g) does not invoke the sentencing factors of § 3553(a) or the limits imposed by the first clause of §3583(e). *See* § 3583(g); *United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir. 1994) (noting that a court need not consider § 3553(a) when revocation is mandated by § 3583(g)). Marston fails to show that it is "clear or obvious" or

No. 10-20580

"obvious under existing law" that a sentence imposed when revocation is mandatory must be limited by § 3583(e). *Cf. United States v. Larison*, 432 F.3d 921, 923 (8th Cir. 2006) (holding that "the district court's [sentencing] decision was not constrained by the factors specifically enunciated in 18 U.S.C. § 3583(e)" where revocation was mandated by § 3583(g)).

In addition, Marston asserts that the district court relied on the "irrelevant" factor of "incapacitation." Incapacitation can reasonably be interpreted to mean the protection of the public by negating Marston's capacity to engage in criminal acts. Protecting the public is a well-recognized sentencing factor. *See* § 3553(a)(2)(C). Marston fails to show that the court's mention of incapacitation was a clear or obvious error under *Miller* or *Whitelaw. See Miller*, 634 F.3d at 843; *Whitelaw*, 580 F.3d at 260.

Marston also argues that the district court gave improper consideration to his mental illness and his five years of solitary confinement in state prison. He says the sentence created "an unwarranted disparity with similarly-situated defendants." These arguments implicitly do no more than ask us to reweigh sentencing factors and substitute our judgment for that of the district court. This is improper in light of the deference due to a sentencing court. *See Gall*, 552 U.S. at 51.

We have routinely affirmed revocation sentences that exceeded the advisory guideline range but not the statutory maximum. *See Whitelaw*, 580 F.3d at 265 (citing cases); *United States v. Morales*, 299 F. App'x 455, 457-58 (5th Cir. 2008); *United States v. Neal*, 212 F. App'x 328, 331 (5th Cir. 2007). Marston has not shown that his sentence was either plainly erroneous or plainly unreasonable. The judgment of the district court is therefore AFFIRMED.

CATHARINA HAYNES, Circuit Judge, concurs in the judgment only.