# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31133
c/w No. 14-31134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN MARK PHILLIPS,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CR-190-1
USDC No. 5:13-CR-146-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following his guilty-plea conviction for failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a), John Mark Phillips was sentenced to 30-months' imprisonment. The court also revoked his term of supervised

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

release, imposed following Phillips' 2011 conviction in the Western District of Missouri, for failing to register as a sex offender, and imposed a 24-month revocation sentence.  Although he filed notices of appeal in both cases, Phillips' brief in these consolidated appeals challenges only the revocation sentence.  He has, therefore, waived any challenge to his failure-to-register conviction and the associated sentence.  *See, e.g., United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

Phillips asserts the above-Sentencing Guidelines sentence, imposed following the revocation of his supervised release, is procedurally unreasonable, claiming the court failed to consider the 18 U.S.C. § 3553(a) sentencing factors.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  Properly preserved challenges to revocation sentences are reviewed under the "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Because Phillips did not raise in district court the challenge he presents on appeal, review is only for plain error.  *E.g., United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).  Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

A court's "failure to state reasons for a sentence outside the [G]uidelines [sentencing] range is error that is clear or obvious".  *Whitelaw*, 580 F.3d at 262; *accord Rita v. United States*, 551 U.S. 338, 356–57 (2007) ("Where the judge

imposes a sentence outside the Guidelines, the judge will explain why he has done so."). Similar to *Whitelaw*, the court committed clear or obvious error by imposing a revocation sentence of 24 months' imprisonment (the maximum prison sentence, 18 U.S.C. § 3583(e)(3)), which is greater than the advisory Guidelines sentencing range of eight to 14 months, without explaining explicitly its reasoning.

Phillips, however, fails to show how this error affected his substantial rights. *E.g., Whitelaw*, 580 F.3d at 262–65. Although the district court did not explicitly state at sentencing that it considered the § 3553(a) sentencing factors in selecting Phillips' revocation sentence, it stated that it sentenced Phillips "pursuant to the Sentencing Reform Act of 1984", which sets forth the applicable § 3553(a) factors to be considered when determining the appropriate sentence for a supervised release violation. *See, e.g., United States v. Perez*, 260 F. App'x 720, 722 (5th Cir. 2007) (per curiam); 18 U.S.C. § 3583(e); Pub. L. 98-473, 98 Stat. 1837 (1984). As discussed below, the record also reflects that the court implicitly considered the permissible § 3553(a) factors. *See, e.g., Whitelaw*, 580 F.3d at 263–65; *see also United States v. Gonzalez*, 250 F.3d 923, 929 (5th Cir. 2001) ("Implicit consideration of the § 3553 factors is sufficient.").

At Phillips' revocation hearing, the court considered the advisory-Guidelines range of eight to 14 months imprisonment, letters from Phillips' mother and sister, and Phillips' allocution which included various, negative factors. And, in the record for sentencing was the presentence investigation report for the 2011 conviction in Missouri which detailed the nature and characteristics of that offense and the history and characteristics of Phillips. Furthermore, nothing in the record suggests the court considered any inappropriate sentencing factor set forth in 18 U.S.C. § 3553(a)(2)(A). *See, e.g., Miller*, 634 F.3d at 843–44.

No. 14-31133
c/w No. 14-31134

Last, nothing in the record suggests that an explicit statement of consideration of the § 3553(a) factors would have resulted in a lesser sentence, or that the court would impose a lesser sentence on remand. *Whitelaw*, 580 F.3d at 264–65.

AFFIRMED.