# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-20726
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARCHIE LEE HARRIS,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-5-1

————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 2003, Archie Lee Harris pleaded guilty of two counts of possessing with the intent to distribute more than 50 grams of cocaine base and was sentenced to 210 months of imprisonment and five years of supervised release. After two successful motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Harris was released from custody in 2011 and commenced his supervised release term. Harris now appeals the district court's judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20726

revoking his supervised release and sentencing him to three years of imprisonment.    Harris contends that his above-guidelines sentence is substantively unreasonable.

We typically review a challenge to a sentence imposed on revocation of supervised release under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Under this standard, if there is no procedural error, this court considers the substantive reasonableness of the sentence imposed for an abuse of discretion and then, if the sentence is determined to be unreasonable, considers whether "the error was obvious under existing law." *Id.*  A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted).  An unpreserved allegation of sentencing error, however, is reviewed for plain error, meaning that it may be corrected only if it is clear or obvious, affects the defendant's substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Plain error review applies to Harris's argument that the district court improperly relied upon the 18 U.S.C. § 3553(a)(2) sentencing factor of promoting respect for the law, as he did not sufficiently raise this issue below. *See id.* at 259.  Harris's objection at the revocation hearing that his sentence "was higher than necessary to meet the ends of [§] 3553" said nothing about the consideration of the allegedly prohibited factor and thus did not allow the district court an opportunity to correct the alleged error. *See United States v.*

2

No. 15-20726

*Marston*, 452 F. App'x 463, 464 (5th Cir. 2011) (quoting *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009)).

Where, as here, a defendant has possessed a controlled substance in violation of the mandatory supervised release condition prohibiting such unlawful possession, the district court is required to revoke the term of supervised release and to sentence the defendant to a term of imprisonment within the statutory maximum.  18 U.S.C. § 3583(d), (g)(1); *see United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).  When executing a mandatory supervised release revocation under § 3583(g), a district court does not commit clear or obvious error by considering the § 3553(a)(2) sentencing factors.  *Id.*  Accordingly, to the extent that the district court relied upon the § 3553(a)(2) factor of promoting respect for the law, there was no plain error.  *See Whitelaw*, 580 F.3d at 260.

It is questionable whether Harris sufficiently raised at sentencing all of his alternative arguments on appeal regarding the extent of the guidelines variance and the district court's balancing of various sentencing factors.  Since Harris must establish under both the plain error and the plainly unreasonable standards that the district court clearly or obviously erred in imposing his sentence, *see Miller*, 634 F.3d at 843, *Whitelaw*, 580 F.3d at 260, Harris's remaining claims fail under either standard, as discussed below.

There is no merit to Harris's argument that the district court's sentence did not account for his productive work history, his drug addiction and treatment struggles, and the fact that his violations were low level.  Harris has failed to establish that the district court did not implicitly consider these factors, of which it was clearly aware, and, further, that such a lack of consideration, if proven, constitutes a clear or obvious error.  *See United States v. Kippers,* 685 F.3d 491, 499 (5th Cir. 2012) (approving of implicit

3

consideration of § 3553(a) factors); *Miller*, 634 F.3d at 843; *Whitelaw*, 580 F.3d at 260.

There is likewise no merit to Harris's argument that the district court assigned excessive weight to the factors relating to his breach of trust and the number of his violations. *In United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (internal brackets, quotation marks, and citation omitted), this court rejected a defendant's substantive reasonableness challenge to his sentence as essentially a request for the reweighing of the § 3553(a) sentencing factors, reasoning that "appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a)." Harris has failed to establish that the district court committed a clear error of judgment in balancing the sentencing factors. *See Warren*, 720 F.3d at 332; *Heard,* 709 F.3d at 435; *see also Miller*, 634 F.3d at 843; *Whitelaw*, 580 F.3d at 260.

Finally, there is no merit to Harris's apparent complaint regarding the extent of the 23-month upward variance from the guidelines range. This court "ha[s] routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted); *see also Whitelaw*, 580 F.3d at 265 (holding that a revocation sentence 26 months above the advisory guidelines range did not constitute plain error because it was equal to the three-year statutory maximum). Harris has failed to show that the district court clearly erred in imposing a three-year prison sentence that was well within the five-year statutory maximum. *See Miller*, 634 F.3d at 843; *Whitelaw*, 580 F.3d at 260.

In light of the foregoing, the judgment of the district court is AFFIRMED.