# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2020

Lyle W. Cayce
Clerk

No. 18-11577

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

PHILLIP SHAWN HORTON,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Phillip Shawn Horton appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 500 grams or more of methamphetamine. Horton argues that the district court erred in assessing criminal history points, failing to adjust his sentence for time served on an undischarged state sentence, ordering the instant sentence to run consecutively to anticipated state sentences, and failing to adequately explain its decision to impose the sentence. Horton urges us to reverse and vacate his sentence and remand for resentencing. We affirm his sentence.

No. 18-11577

## FACTUAL BACKGROUND

Horton was arrested for the instant offense as a result of an investigation into the drug trafficking activities of Gilbert Martinez, who was responsible for distributing large quantities of methamphetamine in the San Angelo, Texas area. During the course of the investigation, Horton was identified as a courier for Martinez. Horton was later pulled over by officers who seized a firearm and five bags of methamphetamine totaling 1,942 grams from Horton's vehicle. Horton later divulged that he made three other trips for Martinez, but Horton was not formally charged for the trips and the presentence investigation report ("PSR") counted them as "relevant conduct." The probation officer calculated Horton's total offense level at 35 based on the quantity of drugs noted above. Horton received a total of five criminal history points, based on state offenses for possession of a controlled substance, terroristic threats, and possession of drug paraphernalia, establishing a criminal history category of III. Accordingly, his guidelines sentencing range was 210 to 262 months of imprisonment. The PSR also explicitly noted that the four pending state charges in Green County, Texas were "unrelated to the instant offense" and that the "court may impose the sentences to be served consecutive to the instant offense." Horton and the government filed statements adopting the presentence report.

At the sentencing hearing, the district court adopted the PSR's factual findings, background data, and guidelines calculations as its own. At the government's request,[1] the district court dismissed Horton's conspiracy count

---

[1] The indictment against Horton included two counts. Count One listed, along with Horton's co-defendants Gilbert Martinez and Dora Elia Gaona, the offense of "conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine." Count Two listed the offense of "possession with intent to distribute 500 grams or more of methamphetamine." At Horton's sentencing, the government asked the court to dismiss

listed in the indictment and proceeded to sentencing on Horton's possession count. After the court asked if the defense had any evidence or argument, Horton argued in favor of a sentence at the bottom of the guidelines range based on his role in the offense, noting that the facts in the PSR indicated that he "was essentially a mule" or "gofer" for codefendant Martinez's drug enterprise. Horton also asked the district court to consider running the instant sentence concurrently with a state sentence that Horton was serving at the time as a result of revocation of supervision for a controlled substance offense. Horton made this request because the instant offense "occurred essentially at the same time as the violations that led to the revocation of supervision . . . and the imposition of that [state] sentence." Horton also requested a facility placement and participation in a substance abuse program.

Without commenting on Horton's requests, the district court asked if Horton would like to make a statement. Horton declined. The district court sentenced Horton to 262 months of imprisonment and five years of supervised release with special conditions. The district court did not decide to run the instant sentence concurrently with any anticipated sentence imposed in Horton's four pending state charges. The district court stated on the record its reasons for imposing the sentence as "address[ing] the sentencing objectives of punishment and deterrence" and the supervised release as necessary for Horton to re-assimilate back into society. After announcing that Horton had the right to appeal, the district court stated, "You may now stand aside." Horton filed a timely notice of appeal.

---

Count One (conspiracy) and proceed with sentencing on Count Two (possession). The court granted the motion to proceed on Count Two only.

No. 18-11577

## ANALYSIS

Horton's arguments on appeal can be divided into two categories: one based on the district court's failure to consider relevant conduct in Horton's state convictions and the other based on the district court's procedural errors.

With respect to relevant conduct, Horton argues that the district court erred in assessing criminal history points under U.S.S.G. §§ 4A1.1 and 4A1.2 because the conduct underlying two of his prior state convictions qualified as relevant conduct to the instant offense. Horton cites to U.S.S.G. § 5G1.3(b)(2) and contends that the district court erred in failing to order his sentence to run concurrently with his undischarged state sentence because the sentences arose from relevant conduct. Horton also argues that the district court erred by not adjusting his sentence for time already served on his undischarged state sentence pursuant to U.S.S.G. § 5G1.3(b)(1). Horton maintains that the district court erred in declining to concurrently run the sentence with anticipated state sentences based on relevant conduct. U.S.S.G. § 5G1.3(c).

With respect to procedural errors, Horton argues that the district court erred in failing to explain its decision to run the sentence consecutively to the undischarged state sentence and anticipated state sentence based on relevant conduct. Horton also contends that his sentence is unreasonable because the district court failed to consider factors in 18 U.S.C. § 3583(c) for a term of supervised release. Finally, Horton maintains that the district court failed to adequately explain pursuant to 18 U.S.C. § 3553(c)(1) its reason for imposing the particular sentence.

### I. Relevant Conduct Claims

As an initial matter, the parties dispute which standard of review applies. The first four arguments on appeal raise fact questions pertaining to whether the conduct underlying his state offenses are sufficiently connected or

4

related to the underlying offense to qualify as relevant conduct[2] under U.S.S.G. § 1B1.3. *See United States v. Nevels,* 160 F.3d 226, 229 (5th Cir. 1998) ("The district court's determination of what constitutes relevant conduct for sentencing purposes is a factual finding."). We review factual findings for clear error. *United States v. Caldwell,* 448 F.3d 287, 290 (5th Cir. 2006). "Under the clearly erroneous standard, we will uphold a finding so long as it is plausible in light of the record as a whole." *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (internal quotation and citation omitted).

The government argues, however, that Horton failed to preserve his arguments regarding relevant conduct at the district court. Accordingly, his arguments on appeal pertaining to relevant conduct should be reviewed only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Acknowledging his failure to properly object at the district court, Horton concedes that plain error should apply to his arguments about whether the district court erred in assessing criminal history points under U.S.S.G. §§ 4A1.1 and 4A1.2, not adjusting his sentence for time served on an undischarged state sentence pursuant to U.S.S.G. § 5G1.3(b)(1), and declining to concurrently run the sentence with anticipated state sentences based on relevant conduct pursuant to U.S.S.G. § 5G1.3(c). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never

---

[2] Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(1)(A), (a)(2); *see* § 2D1.1; § 3D1.2(d). Two or more offenses may constitute part of a common scheme or plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." § 1B1.3, cmt. (n.5(B)(i)). Offenses that do not qualify as a common scheme or plan may be considered part of the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." § 1B1.3, cmt. (n.5(B)(ii)). Relevant factors include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." § 1B1.3, cmt. (n.5(B)(ii)).

constitute plain error." *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir. 1991) (per curiam); *see also United States v. Vital,* 68 F.3d 114, 118-19 (5th Cir. 1995). Accordingly, because Horton concedes that the challenges were not developed in the district court, they cannot constitute plain error.[3]

However, the parties dispute whether Horton's argument that the district court "consider running" the sentence concurrently with the undischarged state sentence was sufficiently specific to alert the district court to U.S.S.G. § 5G1.3(b)(2)'s directive. The sentencing hearing reflects that Horton asked for a concurrent sentence because "this offense occurred essentially the same time as the violations that led to the revocation of that supervision and the imposition of that [state] sentence." Other than the temporal proximity, Horton failed to put forth evidence or elaborate why his state sentence for possession of 6.3 grams of methamphetamine and a firearm was "part of the same course of conduct" as the federal offense or should "warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. §§ 1B1.3(a)(1)(A) and 1B1.3, cmt. (n.5(B)(ii)). Indeed, the PSR contained information about Horton's involvement with Martinez's drug enterprise, but the PSR did not make an explicit finding that the state sentence was related to Horton's role as Martinez's courier of large bundles of methamphetamine and cash. "[T]he district court is entitled to rely upon the information in the PSR as long as the information bears some indicia of reliability." *United States v. Leeds,* 319 F. App'x 334, 336 (5th Cir. 2009) (citing *United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992)). "Mere

---

[3] Horton in his reply brief argues that we should not apply *Lopez*'s rule because it has been undermined by *United States v. Olano*, 507 U.S. 725, 732-34 (1993) and *United States v. Calverley,* 37 F.3d 160, 163-64 (5th Cir. 1994) (en banc). However, we recently explained that those decisions addressed only legal error and did not overrule *Lopez*, and we decline to "overturn this court's precedent." *See United States v. Davis,* 769 F. App'x 129, 130 (5th Cir. 2019); *see also United States v. Lindsey*, 774 F. App'x 261 (5th Cir. 2019).

objections do not suffice as competent rebuttal evidence." *United States v. Parker,* 133 F.3d 322, 329 (5th Cir. 1998). "Furthermore, if no relevant affidavits or other evidence is submitted to rebut the information contained in the PSR, the court is free to adopt its findings without further inquiry or explanation." *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Accordingly, because this factual challenge was not developed in the district court and Horton failed to sufficiently rebut the PSR, his challenge cannot constitute plain error. *Puckett v. United States*, 556 U.S. 129 (2009) (holding that the error must be "clear or obvious"). Even if we were to assume that Horton sufficiently preserved this argument, the district court's implicit finding that the state offense involving a substantially smaller quantity of drugs was not relevant to the federal offense is plausible in light of the record as a whole.

## II. Procedural Claims

Horton also raises procedural arguments regarding the district court's failure to consider all of the sentencing factors and to adequately explain its rationale in imposing the chosen sentence, including the decision to run the sentence consecutively to his state sentences.

Horton argues that the district court erred by failing to explain its decision to deny his request to run his federal sentence concurrently with the undischarged state sentence. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Lawrence*, 920 F.3d 331, 334 (5th Cir. 2019). At sentencing, Horton referred to a temporal connection between the offenses, which, without more, is insufficient to establish a relevant conduct determination. *Cf. United States v. Ortiz*, 613 F.3d 550, 558 (5th Cir. 2010) (finding no "distinctive similarities" or "common accomplices, suppliers, or buyers between the two offenses" even though the defendant's two drug

offenses occurred in the same building).  Similarly, Horton failed to establish a "regularity" of the offense because the first state offense involved a "relatively small amount" of methamphetamine whereas the federal offense involved "massive quantities of the drug." *Id.* at 558-59.  Given the absence of elaboration on the relevant conduct, either by Horton or in the PSR, the district court could have reasonably concluded that Horton's request that it "consider running" the sentence concurrently with his state sentence implicated the policy statement of § 5G1.3(d), which provides in relevant part that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged" sentence. *See also* U.S.S.G. § 5G1.3(b), cmt. (n.2(D)) (providing an example of imposing a concurrent sentence when the state offense involved the sale of 25 grams of cocaine and the federal offense involved the sale of 90 grams of cocaine).  Accordingly, a finding of clear error is precluded because we lack a "definite and firm conviction that a mistake has been committed." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

As to the remaining procedural claims, Horton concedes that he did not object to the adequacy of the explanation in the district court, but he contends that his failure to do so should not result in plain-error review because, after pronouncing the sentence, the district court told the parties, "you may stand aside," and, thus, Horton did not have a reasonable opportunity to object. Indeed, we have found that requiring a formal objection can be futile where the district court was openly hostile towards a party and continuously interrupted its attempts to formally object. *United States v. Castillo*, 430 F.3d 230, 243 (5th Cir. 2005).  However, as the government notes, we have addressed the same "stand aside" comments before in *United States v. Morales,* 299 F. App'x 455, 457 (5th Cir. 2008).  There, the defendant's claim was subject to plain-

error review because the sentence was imposed in open court, his counsel was present, and the court never expressed "anger, hostility, or unwillingness to consider a *proper* objection." *Id.* (emphasis added). Nothing in the record reflects that the district court gave Horton, or indeed anyone, the impression that a request for further explanation of the sentence would not be entertained or that any objection on that basis would have been futile.

Accordingly, we apply plain error, which requires a defendant to show that "(1) there is an error or defect; (2) the legal error is clear or obvious, rather than subject to reasonable dispute; and (3) the error affected the appellant's substantial rights." *Puckett,* 556 U.S. at 135. If those "three prongs are satisfied, the court of appeals has the discretion to remedy the error— discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

Horton argues that the district court plainly erred by failing to explain its decision to run his federal sentence consecutively to his anticipated state sentences for unlawfully carrying a weapon and manufacturing/delivering methamphetamine. However, this claim fails because it is premised on Horton's admittedly unpreserved argument that those offenses were relevant conduct. Indeed, the PSR stated that the district court had discretion to run the sentence consecutively to Horton's anticipated state sentences because the pending charges were "unrelated" to the instant offense. As a result, no facts were developed in the district court regarding relevant conduct, and the district court had no opportunity to resolve those issues. *Lopez,* 923 F.2d at 50.

Horton then contends that the district court plainly erred in failing to articulate its consideration of 18 U.S.C. § 3553(a) factors for terms of supervised release. *See* § 18 U.S.C. 3583(c). Horton does not challenge a specific condition even though the district court imposed several conditions,

including abstention from certain drugs, participation in a drug dependence treatment program, and participation in a mental health treatment program. Although district courts have "wide discretion in imposing terms and conditions of supervised release," *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001), the district court must "set forth factual findings to justify special probation conditions" in terms of the 18 U.S.C. § 3553(a) factors. *United States v. Salazar,* 743 F.3d 445, 451 (5th Cir. 2014).  The district court here stated that imposing the special conditions was necessary to help Horton with re-assimilation, obtaining suitable employment, and maintaining a law-abiding lifestyle.  Accordingly, "the record sufficiently supports the special . . . condition[s] imposed." *United States v. Dean*, 940 F.3d 888, 891 (5th Cir. 2019). Horton also has failed to establish the third prong of plain error because "he fail[ed] to show that an [additional] explanation would have changed his sentence." *United States v. Tang*, 718 F.3d 476, 483 (5th Cir. 2013).

Finally, Horton maintains that the district court plainly erred in failing to explain its decision to impose the maximum 262-month sentence of the guidelines range.  Because Horton's guideline range exceeds 24 months, he maintains that the district court failed to state "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1).  At sentencing, Horton argued for a sentence at the bottom of the guidelines range based on his role as a "mule" for Martinez's drug enterprise.  However, the record here establishes that the district court stated on the record its specific reasons to impose the sentence, namely to "adequately address the sentencing objectives of punishment and deterrence." *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (holding district court need not engage in a "checklist recitation of the [§] 3553(a) factors").  "When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required." *United States v. Mares,* 402 F.3d

511, 519 (5th Cir. 2005) (noting that the judge should "carefully articulate the reasons" when imposing a non-guideline sentence).  The sentencing transcript reveals that the court based its sentencing decision on the facts presented in the PSR and the 3553(a) factors.  Horton fails to satisfy the third prong of the plain-error analysis because he does not explain how the district court's further elaboration would have resulted in a shorter sentence. *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012) (noting that the defendant "bears the burden of showing with a reasonable probability that, but for the error, he would have received a lesser sentence").

## CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.